UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTINEZ, JESSE MARTINEZ, ISAIAH LOMELI, AND NOE MARTINEZ, | § § § § | |
| PLAINTIFFS | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-495 |
| ULTIMATE ACQUISITION CORP. AND CASEY COREY, INDIVIDUALLY, | § § § § | |
| DEFENDANTS | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Nicholas Martinez, Jesse Martinez, Isaiah Lomeli and Noe Martinez ("Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against Ultimate Acquisition Corp. and Casey Corey, Individually ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

## I.  NATURE OF SUIT

1.  Defendants have a business plan that includes hiring field technicians and refusing to pay them overtime compensation when they work more than forty hours per week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.  Defendants engage in this course of action to keep the money they would otherwise be required to pay their field technicians under the FLSA, allowing Defendants to gain an unfair advantage over their competitors who pay their employees correctly.

## II. PARTIES

3. Nicholas Martinez, Jesse Martinez, Isaiah Lomeli and Noe Martinez are individuals residing within the state of Texas.

4. At all relevant times, Plaintiffs were each "employee[s]" of Defendants as defined by the FLSA.

5. At all relevant times, Defendants were Plaintiffs' "employer" as defined by the FLSA.

6. Defendant Ultimate Acquisition Corp. is a domestic corporation formed and existing under the laws of the State of Texas.

7. Defendant Ultimate Acquisition Corp. was an employer of each Plaintiff.

8. Defendant Ultimate Acquisition Corp. can be served by serving its registered agent for service of process, Capital Corporate Services, Inc., 1501 S. Mopac Expwy, Suite 220, Austin, Texas 78746.

9. Defendant Casey Corey is a Director and part owner of Defendant Ultimate Acquisition Corp.

10. Defendant Casey Corey was an employer of each Plaintiff as defined by 29 U.S.C. §203(d).

11. Defendant Casey Corey can be served at 2300 E. Arbrook Blvd Suite 100, Arlington, Texas 76014 or wherever else he may be found.

12. At all times hereinafter mentioned, Casey Corey exercised managerial responsibilities and substantial control over Ultimate Acquisition Corp.'s employees, including Plaintiffs, and the terms and conditions of their employment.

13. Casey Corey had and exercised the authority to hire, fire and direct Ultimate Acquisition Corp.'s employees, including Plaintiffs.

14. Casey Corey had and exercised the authority to supervise and control the employment relationships and work schedules of Ultimate Acquisition Corp.'s employees, including Plaintiffs.

15. Casey Corey had and exercised the authority to set and determine the rate and method of pay of Ultimate Acquisition Corp.'s employees, including Plaintiffs.

16. Casey Corey had and exercised the authority to decide whether Ultimate Acquisition Corp.'s employees, including Plaintiffs, received overtime compensation.

17. Casey Corey also kept and maintained employment records for all employees of Ultimate Acquisition Corp., including Plaintiffs.

### III.  JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law.  Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

19. The Court has personal jurisdiction over Defendants because Defendants conduct business in this judicial district, have entered into relationships with Plaintiffs in this judicial district and have committed actions in this judicial district that give rise to this cause of action.

20. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division.  Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV.  COVERAGE UNDER THE FLSA

21. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

22. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all relevant times, Defendant Ultimate Acquisition Corp. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Ultimate Acquisition Corp. is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which is separately stated).

25. Plaintiffs handled and otherwise worked with equipment, such as telephones, powerline testing equipment, computers and vehicles that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

26. In the course of the employment by Defendants, Plaintiffs and their coworkers regularly traveled between various states of the USA to perform their job duties for Defendants. Plaintiffs worked for Defendants in numerous other states, including Florida, Louisiana, Georgia, and South Carolina.

27. At all times hereinafter mentioned, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

28. Defendants provide tool and safety testing for their customers in the electric utility industry and have offices in Texas and in Florida. Defendants employ field technicians to travel to their customers' job sites to test their customers' tools and vehicles.

29. Throughout their employment with Defendants, Plaintiffs consistently worked more than forty hours per workweek.

30. Defendants regularly refused to pay Plaintiffs overtime premiums for any hours worked over forty per work week.

31. This was in keeping with Defendants' clearly stated policy, communicated to all employees upon being hired, that Defendants did not pay overtime compensation.

32. Although they commonly more than forty hours per work week, Plaintiffs were never paid an overtime premium for their overtime hours.

33. Defendants required Plaintiffs to work the long hours described above and thus knew that Plaintiffs often worked more than 40 hours per work week.

34. Despite their knowledge of Plaintiffs' overtime work, Defendants failed and refused to compensate Plaintiffs at a rate that is not less than time- and one-half of their regular rates of pay for all hours worked in excess of 40 in a work week for a long period of time.

35. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs overtime premiums for all hours worked over forty per workweek.

## VI.  CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

36. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Plaintiffs.

## VII.  PRAYER FOR RELIEF

Plaintiffs Nicholas Martinez, Jesse Martinez, Isaiah Lomeli and Noe Martinez pray that upon trial of this cause, they have judgment against Defendants Ultimate Acquisition Corp. and Casey Corey, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b. For an Order awarding Plaintiffs the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiffs attorneys' fees;

**Plaintiffs' Original Complaint**                                                    **Page 6**

d.      For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

e.      For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com


Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEYS FOR PLAINTIFFS**