IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NICHOLAS MARTINEZ, JESSE
MARTINEZ, ISAIAH LOMELI, AND
NOE MARTINEZ

        Plaintiffs,

v.

ULTIMATE ACQUISITION CORP.
AND CASEY COREY,
INDIVIDUALLY,

        Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 4:25-cv-495

## DEFENDANTS' ORIGINAL ANSWER
## TO PLAINTIFFS' ORIGINAL COMPLAINT

Pursuant to the Federal Rules of Civil Procedure, Defendants Ultimate Acquisition Corp.

("Ultimate") and Casey Corey ("Corey") (collectively "Defendants") answers *Plaintiffs' Original*

*Complaint* (ECF No. 1) ("Complaint") as follows:

## ADMISSIONS AND DENIALS (FRCP 8(b))

### I.      NATURE OF SUIT

1. Paragraph 1 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. Insofar as Paragraph 1 is deemed to contain factual allegations, Defendants deny them.

2. Defendants deny the allegations in Paragraph 2.

### II.      PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Paragraph 4 contains a legal conclusion and does not contain a factual allegation requiring an admission or a denial.

5. Paragraph 5 contains a legal conclusion and does not contain a factual allegation requiring an admission or a denial.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Paragraph 10 contains a legal conclusion and does not contain a factual allegation requiring an admission or a denial. To the extent that Paragraph 10 is deemed to contain factual allegations, Defendants deny them.

11. Defendants admit the allegations in Paragraph 11.

12. The allegations in Paragraph 12 are vague and ambiguous and otherwise unclear in scope, and Defendants deny them.

13. The allegations in Paragraph 13 are vague and ambiguous and otherwise unclear in scope, and Defendants deny them.

14. The allegations in Paragraph 14 are vague and ambiguous and otherwise unclear in scope, and Defendants deny them.

15. The allegations in Paragraph 15 are vague and ambiguous and otherwise unclear in scope, and Defendants deny them.

16. The allegations in Paragraph 16 are vague and ambiguous and otherwise unclear in scope, and Defendants deny them.

17.     The allegations in Paragraph 17 are vague and ambiguous and otherwise unclear in scope, and Defendants deny them.

### III.     JURISDICTION AND VENUE

18.     Defendants admit that the Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants.

19.     Defendants admit that they conduct business in this judicial district, but deny the remaining allegations in Paragraph 19, as worded.

20.     Paragraph 20 contains a legal conclusion and does not contain any factual allegations requiring an admission or a denial.

### IV.     COVERAGE UNDER THE FLSA

21.     Defendants admit the allegations in Paragraph 21 as applied to Ultimate, but deny them as applied to Casey.

22.     Paragraph 22 contains a legal conclusion and does not contain any factual allegations requiring an admission or a denial.

23.     Paragraph 23 contains a legal conclusion and does not contain any factual allegations requiring an admission or a denial.

24.     Paragraph 24 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. To the extent that Paragraph 24 is deemed to contain factual allegations, Defendants deny them as vague, ambiguous, and otherwise unclear in scope.

25.     Paragraph 25 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. To the extent that Paragraph 25 is deemed to contain factual allegations, Defendants them as vague, ambiguous, and otherwise unclear in scope.

26.     The first sentence of Paragraph 26 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial. To the extent the first sentence of Paragraph 26 is deemed to contain factual allegations, Defendants them as vague, ambiguous, and otherwise unclear in scope. Defendants admit that Plaintiffs worked for Ultimate in the states alleged, but deny that they worked for Casey.

27.     Paragraph 27 contains legal conclusions and does not contain any factual allegations requiring an admission or a denial.

## V.    FACTUAL ALLEGATIONS

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29, as worded.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

## VI.    CAUSE OF ACTION

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

## VII.    PRAYER FOR RELIEF

The final paragraph of the Complaint, including subparagraphs (a)-(f), consists of Plaintiffs' prayer for relief and does not contain any factual allegations requiring an admission or

a denial. To this extent this paragraph (including any of the subparagraphs) is deemed to contain factual allegations, Defendants deny them.

## AFFIRMATIVE DEFENSES (FRCP 8(c))

1. The Complaint fails to state a claim for which relief may be granted.

2. Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act.

3. The provisions of 29 U.S.C. § 207 do not apply because Plaintiffs are employees employed in a bona fide executive, administrative, or professional capacity, 29 U.S.C. § 213(a)(1), or are otherwise exempt from the overtime provisions of the FLSA.

4. Certain payments to Plaintiffs were "sums paid in recognition of services performed during a given period," and "both the fact that payment to be made and the amount of the payment [were] determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly." 28 U.S.C. § 207(e)(3)(a).

5. Defendants did not commit any violations of the FLSA, let alone a willful one, and therefore the two-year statute of limitations of applicable to willful violations does not apply to Plaintiffs' claims. Alternatively, in the unlikely event the Defendants are found to have committed a willful violation of the FLSA, Plaintiffs' claims are subject to the two-year statute of limitations under 29 U.S.C. § 255(a).

6. Defendants properly excluded from Plaintiffs' regular rates of pay any and all extra compensation that Defendants paid to them at a premium rate "for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek." 29 U.S.C. § 207(e)(6).

7.    Defendants are entitled to a credit toward any overtime compensation determined to be payable in this case. 29 U.S.C. § 207(h).

8.    Defendants acted in good faith reliance upon case law, administrative regulations, orders, rulings, approvals, interpretations, and/or practices of the Department of Labor and other authorities. In the unlikely event that Defendants are found to have violated the FLSA, such violations were not willful or intentional.

9.    Casey is not an "employer" under the FLSA and there is no basis for personal liability in this case.

10.    Plaintiffs have failed to mitigate their alleged damages.

11.    Plaintiffs' claims are barred in whole or in part by equitable doctrines such as estoppel, waiver, and laches.

12.    This District is not a convenient forum. Defendants reserve the right to move to transfer under 28 U.S.C. § 1404.

*    *    *

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs recover nothing by reason of this suit, and that Defendants recover all such relief to which Defendants may show themselves entitled.

Respectfully submitted,

 /s/ Derek Carson
T. Derek Carson
Attorney in Charge
S.D. Tex. No. 2339580
Texas Bar No. 24085240
dcarson@canteyhanger.com
Scott A. Fredricks
Texas Bar No. 24012657
S.D. Tex. No. 953929
sfredricks@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX  76102
T: (817) 877-2800
F: (817) 877-2807

Gregory B. Cox
*Admitted Pro Hac Vice*
Texas Bar No. 24104778
greg@gregcox.law
**GREGORY B. COX PLLC**
306 West 7th Street, Suite 506
Fort Worth, Texas 76102
682-204-1867

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On April 2, 2025, a copy of the foregoing document was served on counsel of record via ECF.

 /s/ Derek Carson
Derek Carson

7